1   Joseph A. Kaufman, No. 228319
    Joshua M. Ullman, No. 309667
2   **LEMON LAW AID, INC.**
    117 E. Colorado Blvd., Suite 600
3   Pasadena, CA 91105
    Telephone: 626-219-1648
4   Facsimile: 626-768-7066
    joe@lemonlawaid.com
5
    Attorneys for Plaintiff WEISI ZHANG
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  WEISI ZHANG, an individual,          Case No. LA CV18-02684 JAK (AGRx)

12              Plaintiff,
                                         *Assigned for all purposes to the Hon. John A.*
13       v.                              *Kronstadt.*

14  BMW OF NORTH AMERICA, LLC,
    and DOES 1 through 10, inclusive,    **DECLARATION OF JOSHUA M.**
15                                       **ULLMAN IN SUPPORT OF PLAINTIFF**
                Defendants.              **WEISI ZHANG'S MOTION FOR**
16                                       **ATTORNEY'S FEES AND COSTS AS THE**
                                         **PREVAILING PARTY**
17
                                         **[FILED CONCURRENTLY WITH**
18                                       **NOTICE OF MOTION AND MOTION**
                                         **FOR ATTORNEY'S FEES AND COSTS;**
19                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES; DECLARATION OF**
20                                       **JOSEPH A. KAUFMAN; [PROPOSED]**
                                         **ORDER]**
21

22                                       Hearing Date:    November 19, 2018
                                         Time:            8:30 a.m.
23                                       Dept:            10B

24

25

26

27

28

I, Joshua M. Ullman, declare as follows:

1.    I am an attorney, duly licensed to practice before each of the courts of the State of California, as well as the United States Central District of California. I am an associate attorney at Lemon Law Aid, Inc., counsel of record for plaintiff Weisi Zhang in the above-entitled action. Each of the following statements is based upon my own personal knowledge, and I could and would competently testify thereto if called upon to do so.

2.    Attached and incorporated by reference as Exhibit 1 is a true and correct copy of the time and expense records documenting hours and expenses billed in connection with this case.  The Exhibit is an electronic record of the time and expenses Lemon Law Aid, Inc. incurred in connection with the handling of Plaintiff's lemon law claim. Plaintiff has and will have incurred $28,376.50 in attorneys' fees, and $536.03 in costs.

3.    Plaintiff leased a brand new 2016 BMW X5 on December 4, 2015. Since the time plaintiff took possession of the vehicle, it was serviced at least five ("5") times for drivetrain malfunctions, failures to charge properly, battery failure, check engine lights, fuel tank pressure sensor failure, HV battery concerns. Furthermore, the vehicle was down for service at BMWNA authorized dealerships for at least sixty-five ("65") days within the first thirty-thousand ("30,000") miles of ownership. In addition to the multitude of repairs and days out of service for the same defects, BMWNA's field technical specialists inspected the vehicle on three separate occasions during this same time period, including the final repair visit.

4.    Plaintiff first contacted our office in early February. Her complaint was filed on February 27, 2018. Shortly thereafter, discovery was served on BMWNA while the matter still remained in Superior Court in order to move the case forward. During this time, plaintiff also informed my office that the problems with her vehicle persisted, and that she was forced to take the vehicle in again for repairs. This ultimately led to my office contacting our automotive expert to seek information regarding the problems with the vehicle. April 2, 2018, BMWNA chose to remove the case to the Central District of California. As such my office was in constant contact with plaintiff to keep her informed

-2-

1    on the status of the case, as well as how federal court would and could affect the case. Due

2    to defendant's choice to remove, plaintiff contacted BMWNA's counsel in early June to

3    comply with the Order Setting Rule 16 and Rule 26 Conference. During this call,

4    BMWNA opened the door to the possibility of a repurchase of plaintiff's vehicle.

5    BMWNA then followed up the call with an offer for repurchase. Unsurprisingly, the offer

6    of approximately eighteen-thousand ("$18,000") was blatantly favorable to BMWNA, as

7    it contained no admission of liability, every statutory deduction, and no civil penalties

8    despite BMWNA's willful conduct and failure to comply with the law. As such, the offer

9    was rejected.

10       5.      Finally, after the Rule 26 Conference took place and further litigating occurred,

11   BMWNA extended the Offer of Judgment. Attached and incorporated by reference as

12   Exhibit 2 is a copy of the Offer of Judgment. Unlike the previous offer, the Offer of

13   Judgment admitted liability and provided plaintiff over nine thousand ("$9,000") dollars

14   more than the initial recovery amount of approximately $18,000. As part of the Offer of

15   Judgment, it was further stipulated and agreed upon that BMWNA would repurchase the

16   vehicle, pay off the balance of the loan, and pay plaintiff's reasonable attorneys' fees and

17   costs by agreement or by noticed motion. Based on the favorable numbers, plaintiff

18   accepted the offer. Attached and incorporated as Exhibit 3 is a copy of the Acceptance of

19   the Offer of Judgment. In an attempt to avoid this motion, and in accordance with Local

20   Rule 7-3, plaintiff further attempted to negotiate the attorney fees and costs with

21   defendant. Plaintiff first contacted defendant by email on July 23, 2018, stating plaintiff

22   was willing to negotiate or mediate the attorneys' fees and costs. After back and forth

23   emails, counsel for both parties met and conferred by phone on July 26, 2018, but no

24   agreement was reached. Plaintiff attempted to resolve the issue one last time on August 1,

25   2018, but plaintiff's reasonable demand was rejected, leading to this Motion.

26       6.      Based on Lemon Law Aid, Inc.'s records, our firm has and will have spent a

27   total of 66.2 hours on this matter, or $28,376.50. Of that time, I billed 46.6 hours at my

28   hourly rate of $395 per hour, Firm shareholder Joseph Kaufman billed 17.7 hours at a rate

-3-

1    of $505 per hour, and Paralegal Adrian Flansburg billed 1.9 hours at a rate of $150 per

2    hour.  Further, my firm exercised billing judgment by reducing the total billing for much

3    of the work we performed to account for any form of inefficiencies. In addition, Lemon

4    Law Aid, Inc. incurred costs in the amount of $536.03, and requested a .25 multiplier

5    totaling $7,247.88. With the multiplier, fees, and costs combined, the total fee and cost

6    award requested is $36,140.66.

7         7.    I spent two years defending lemon law cases, and I have handled or been

8    involved in more than three-hundred ("300") Song-Beverly Consumer Warranty Act

9    actions and/or claims. I have been personally involved in three matters that went to trial,

10   and three more that settled just short of trial. Since joining Lemon Law Aid, Inc. in

11   January of 2018, I have been personally involved in over forty-five ("45") cases.

12        8.    Since June 1, 2018, my hourly rate has been $395 an hour. This hourly rate is

13   lower than that of other attorneys in the same field of consumer protection and lemon law.

14        9.    My hourly rate of $395 has been endorsed in the form of sanction requests

15   being granted at nearly identical rates by both Judge Ernest Hiroshige in Department 54

16   and Judge Frederick C. Shaller in Department 46 of the Los Angeles County Superior

17   Court. Attached and incorporated by reference as Exhibit 4 is a copy of the Tentative

18   Ruling of Judge Hiroshige outlining the rate. Similarly, Judge Richard Rico in Department

19   17 of the same court also found nearly identical rate to be reasonable. Attached and

20   incorporated as Exhibit 5 is a copy of the Entry of Order of Judge Rico's ruling.

21        10.   Our firm's agreement to handle this case was done on a contingency basis and

22   my firm advanced all costs and expenses that are sought through the underlying Motion

23   for attorneys' fees and costs.

24        11.   I have received the following information from other plaintiff-side lemon law

25   attorneys regarding their hourly rates for Song-Beverly Consumer Warranty cases:

26        • Mark F. Anderson, a partner at Anderson, Ogilvie, & Brewer (San Francisco

27          County), has practiced since 1970 and bills at $675 per hour;

28

-4-

- Robert Brennan (Los Angeles County) has been practicing since 1987 and bills at $595 per hour;

- Steven A. Simons (Los Angeles County) has been practicing since 1987 and bills at $550 per hour;

- Hallen D. Rosner, a partner of Rosner & Mansfield, LLP (San Diego County), has been practicing since 1983 and bills at $570 per hour;

- Neil Fineman (Orange County) has been practicing since 1995 and bills at $525 per hour;

- Michael Lindsey (San Diego County) has been practicing since 1981 and bills at $625 per hour; and,

- Scott R. Kaufman (Santa Clara County) has been practicing since 1997 and bills at $595 per hour.

12.    I spent six ("6") hours drafting the Motion, this accompanying Declaration, and the Notice of Motion. I anticipate spending two ("2") hours reviewing defendant's Opposition to this Motion, two hours preparing a Reply, and two hours attending the Motion hearing.

13.    Based on my experience in the field, I anticipate that an additional ten ("10") hours of work will be expended in the court of completing the prosecution of this case. This accounts for the completion of remaining settlement issues, preparation of the vehicle surrender, travel to and from the vehicle surrender, communication and coordination with defendant's surrender agent, back and forth communications and coordination with the assigned local agent, back and forth communications with the client regarding all the issues listed, preparing and filing the satisfaction of judgment, preparing and filing the dismissal, and any other remaining issues.

///

///

///

///

-5-

1        I declare under penalty of perjury under the laws of the State of California and the

2    Central District of California that the foregoing is true and correct.

3        Executed on August __6__, 2018 in Pasadena, California.

4

5

6                       Joshua M. Ullman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

EXHIBIT 1

| Date | Time | Description | Attorney | Rate | Cost | Total |
|---|---|---|---|---|---|---|
| 2/8/2018 | 2.5 | Initial consultation with client, receive and review records, and prepare memorandum re service history and application of lemon law to facts of this case | JAK | $ 505.00 | | $ 1,262.50 |
| 2/12/2018 | 1.4 | Receive and review lease agreement, review service records, and prepare vehicle history worksheet | AF | $ 150.00 | | $ 210.00 |
| 2/12/2018 | 0.5 | Review NHTSA Office of Defect Investigation website re technical issues with subject vehicle, telephone conference with client re vehicle issues, and prepare memorandum re case status | JAK | $ 505.00 | | $ 252.50 |
| 2/13/2018 | 0.5 | Telephone conference with client re case, lemon law process, and re engagement agreement | AF | $ 150.00 | | $ 75.00 |
| 2/14/2018 | 0.4 | Review file, prepare and send engagement agreement to client | JMU | $ 395.00 | | $ 158.00 |
| 2/17/2018 | 0.5 | Receive and review executed engagement agreement, prepare memorandum re initial case handling recommendations and strategy | JAK | $ 505.00 | | $ 252.50 |
| 2/19/2018 | 0.3 | Telephone conference with client re status moving forward | JAK | $ 505.00 | | $ 151.50 |
| 2/22/2018 | 0.7 | Receive and review correspondence from client re question and respond to the same | JAK | $ 505.00 | | $ 353.50 |
| 2/22/2018 | 0.2 | Review new case intake information | JMU | $ 395.00 | | $ 79.00 |
| 2/22/2018 | 0.4 | Prepare draft of plaintiff's complaint | JMU | $ 395.00 | | $ 158.00 |
| 3/7/2018 | 0.2 | Receive and review confirmation of service of complaint and prepare memorandum re the same | JAK | $ 505.00 | | $ 101.00 |
| 3/16/2018 | 0.8 | Telephone conference with and exchange correspondence with client re case question and mechanical issues | JAK | $ 505.00 | | $ 404.00 |
| 3/19/2018 | 0.4 | Review file re status of discovery and deposition notice and follow up re the same, and prepare correspondence to client re case status | JAK | $ 505.00 | | $ 202.00 |
| 3/20/2018 | 0.3 | Receive and review correspondence from client and telephone conference with client confirming case status | JAK | $ 505.00 | | $ 151.50 |
| 3/29/2018 | 0.3 | Prepare draft of State Court Special Interrogatories to serve on Defendant | JMU | $ 395.00 | | $ 118.50 |
| 3/29/2018 | 0.3 | Prepare draft of State Court Request for Admissions to serve on Defendant | JMU | $ 395.00 | | $ 118.50 |
| 3/29/2018 | 0.3 | Prepare draft of State Court Request for Production to serve on Defendant | JMU | $ 395.00 | | $ 118.50 |
| 3/29/2018 | 0.2 | Prepare draft of State Court Form Interrogatories to serve on Defendant | JMU | $ 395.00 | | $ 79.00 |
| 3/29/2018 | 0.2 | Prepare draft of Notice of PMQ Deposition to serve on Defendant | JMU | $ 395.00 | | $ 79.00 |
| 4/4/2018 | 0.8 | Receive and review BMW's removal paperwork, notice to counsel, and initial order re case management, and prepare memorandum to JMU re further case handling strategy in light of removal | JAK | $ 505.00 | | $ 404.00 |
| 4/4/2018 | 0.1 | Review email correspondence from the Central District of CA re: Notice of Removal | JMU | $ 395.00 | | $ 39.50 |
| 4/4/2018 | 0.3 | Review Defendant's Answer to Plaintiff's Complaint | JMU | $ 395.00 | | $ 118.50 |
| 4/4/2018 | 0.1 | Review Notice to Counsel re: Magistrate Judge Direct Assignment Program provided by the Court | JMU | $ 395.00 | | $ 39.50 |
| 4/4/2018 | 0.3 | Review Initial Order re: Case Management by Magistrate Judge and prepare memo re the same | JMU | $ 395.00 | | $ 118.50 |
| 4/5/2018 | 0.2 | Telephone conference with client re case status | JAK | $ 505.00 | | $ 101.00 |
| 4/5/2018 | 0.7 | Review Defendant's Notice of Removal and all corresponding documents to determine if a Motion for Remand is Proper | JMU | $ 395.00 | | $ 276.50 |
| 4/30/2018 | 0.2 | Receive and review correspondence from BMWNA's counsel re: discovery and follow up with JMU re the same | JAK | $ 505.00 | | $ 101.00 |
| 4/30/2018 | 0.2 | Review Defendant's correspondence re: discovery responses and their mootness due to the Removal of the case | JMU | $ 395.00 | | $ 79.00 |
| 5/10/2018 | 0.1 | Review client's correspondence re: new vehicle concerns | JMU | $ 395.00 | | $ 39.50 |
| 5/10/2018 | 0.1 | Receive and review correspondence from client re: current issue with vehicle | JAK | $ 505.00 | | $ 50.50 |
| 5/15/2018 | 0.1 | Review Notice to Counsel re: Assingment to Hon. J. Kronstadt | JMU | $ 395.00 | | $ 39.50 |
| 5/18/2018 | 0.3 | Review Central District Court's Standing Order for Civil Cases by Hon. J. Kronstadt | JMU | $ 395.00 | | $ 118.50 |
| 5/18/2018 | 0.2 | Receive and review Standing Order from department re civil cases | JAK | $ 505.00 | | $ 101.00 |
| 5/21/2018 | 0.2 | Review latest repair order and review complete service history | JAK | $ 505.00 | | $ 101.00 |
| 5/21/2018 | 0.3 | Review email correspondence and new repair order from client (.2) and prepare response re: same (.1) | JMU | $ 395.00 | | $ 118.50 |

| Date | Hours | Description | Initials | Rate | Amount |
|---|---|---|---|---|---|
| 5/22/2018 | 0.3 | Review order setting rule 16(b)/26(f) scheduling conference and follow up re: the same | JAK | $ 505.00 | $ 118.50 |
| 5/22/2018 | 0.4 | Review Order Setting Rule 16(b)/26(f) Scheduling Conf. by Hon. J. Kronstadt | JMU | $ 395.00 | $ 202.00 |
| 6/5/2018 | 0.2 | Review email correspondence from Defendant's counsel re: generic repurchase offer | JMU | $ 395.00 | $ 79.00 |
| 6/5/2018 | 0.2 | Teleconference with Defendant's counsel re: generic repurchase offer | JMU | $ 395.00 | $ 79.00 |
| 6/5/2018 | 0.1 | Teleconference and left voicemail for client re: BMWNA's generic repurchase offer | JMU | $ 395.00 | $ 39.50 |
| 6/5/2018 | 0.3 | Review file re: BMWNA's settlement position and further case strategy | JAK | $ 505.00 | $ 118.50 |
| 6/6/2018 | 0.2 | Prepare email correspondence to client re: BMWNA's generic repurchase offer | JMU | $ 395.00 | $ 79.00 |
| 6/6/2018 | 0.1 | Review correspondence to and from client re generic repurchase offer | JAK | $ 505.00 | $ 50.50 |
| 6/7/2018 | 0.3 | Teleconference with client re: conveying BMWNA's generic repurchase offer and to discuss the gathering of financials (.2) and follow up email re: same (.1) | JMU | $ 395.00 | $ 118.50 |
| 6/11/2018 | 0.4 | Review and revise draft joint statement of case | JAK | $ 505.00 | $ 202.00 |
| 6/12/2018 | 0.3 | Review email correspondence from plaintiff and corresponding finacial documents (.2) and prepare email response re: same (.1) | JMU | $ 395.00 | $ 118.50 |
| 6/12/2018 | 0.3 | Email correspondence to Defendant's counsel re: Joint Report Draft (.1) and review of return email from Defendant's counsel re: same (.2) | JMU | $ 395.00 | $ 118.50 |
| 6/12/2018 | 0.2 | Prepare response email to Defendant's counsel re: Joint Report Draft and status of the repurchase | JMU | $ 395.00 | $ 79.00 |
| 6/12/2018 | 3.4 | Prepare draft of the Joint Statement pursuant to the Court's Order | JMU | $ 395.00 | $ 1,343.00 |
| 6/12/2018 | 0.3 | Receive and review additional document production by client and further revision/review of joint statement | JAK | $ 505.00 | $ 118.50 |
| 6/14/2018 | 0.2 | Review financials and prepare a repurchase demand to BMWNA for repurchase (.2) | JMU | $ 395.00 | $ 79.00 |
| 6/14/2018 | 0.1 | Review email correspondence from BMWNA's counsel re: plaintiff's demand for repurchase | JMU | $ 395.00 | $ 39.50 |
| 6/14/2018 | 0.3 | Prepare response to Defendant's email correspondence re: civil penalties (.2) and review Defendant's response re: same (.1) | JMU | $ 395.00 | $ 118.50 |
| 6/14/2018 | 0.2 | Review Defendant's email correspondence re: incomplete repurchase offer (missing down payment/offset) and request for further financials | JMU | $ 395.00 | $ 79.00 |
| 6/14/2018 | 0.2 | Prepare email correspondence to defendant's counsel re: request for additional documents (.1) and review response from Defendant re: same (.1) | JMU | $ 395.00 | $ 79.00 |
| 6/14/2018 | 0.2 | Review finance documents and memorandum re: statutory repurchase calculations and review file re mileage offset calculation | JAK | $ 505.00 | $ 101.00 |
| 6/14/2018 | 0.3 | Receive and review multiple correspondence from BMWNA's counsel re: settlement demand and provide instructions to JMU | JAK | $ 505.00 | $ 151.50 |
| 6/15/2018 | 0.1 | Receive and review correspondence from BMW's counsel re: settlement negotiations | JAK | $ 505.00 | $ 50.50 |
| 6/20/2018 | 0.2 | Review BMW's edits to joint report and prepare memorandum re: potential settlement terms | JAK | $ 505.00 | $ 101.00 |
| 6/22/2018 | 0.3 | Review email correspondence from Defendant's counsel and corresponding final draft of the Joint Report | JMU | $ 395.00 | $ 118.50 |
| 6/22/2018 | 0.1 | Review Central District Court's Order that the Joint Report requires additional documents | JMU | $ 395.00 | $ 39.50 |
| 6/22/2018 | 0.3 | Prepare draft of case dates re: Court Order (.2) and Prepare email correspondence re: same (.1) | JMU | $ 395.00 | $ 118.50 |
| 6/22/2018 | 0.3 | Receive and review correspondence from BMW's counsel re joint report, review report as filed, and review rejection of report filing | JAK | $ 505.00 | $ 118.50 |
| 6/25/2018 | 0.2 | Review email correspondence from Defendant's counsel re: case dates re: Court Order (.1) and teleconference with Defendant's counsel re: same (.1) | JMU | $ 395.00 | $ 79.00 |
| 6/25/2018 | 0.1 | Review correspondence from BMWNA's counsel re exhibit to joint statement | JAK | $ 505.00 | $ 50.50 |
| 7/2/2018 | 2.3 | Prepare for and attend status conference at US District Court | JAK | $ 505.00 | $ 1,161.50 |
| 7/2/2018 | 0.2 | Review the Court's Order re: ADR and Status re: Scheduling Conf. | JMU | $ 395.00 | $ 79.00 |
| 7/2/2018 | 0.4 | Prepare draft of Federal Court Special Interrogatories to serve on Defendant | JMU | $ 395.00 | $ 202.00 |

| Date | Hours | Description | Initials | Rate | Amount |
|---|---|---|---|---|---|
| 7/2/2018 | 0.3 | Prepare draft of Federal Court Request for Admissions to serve on Defendant | JMU | $ 395.00 | $ 118.50 |
| 7/2/2018 | 0.4 | Prepare draft of Federal Court Request for Production to serve on Defendant | JMU | $ 395.00 | $ 158.00 |
| 7/2/2018 | 2.3 | Prepare for and attend status conference | JMU | $ 395.00 | $ 908.50 |
| 7/5/2018 | 0.2 | Review defendant's email correspondence re: mediation availability | JMU | $ 395.00 | $ 79.00 |
| 7/9/2018 | 0.3 | Teleconference with client re: mediation and update on the case status | JMU | $ 395.00 | $ 118.50 |
| 7/9/2018 | 0.2 | Back and forth email correspondence with defendant's counsel re: status of mediation (date/time/location) | JMU | $ 395.00 | $ 79.00 |
| 7/10/2018 | 0.2 | Review defendant's correspondence re: mediation dates (.1) and respond re: same | JMU | $ 395.00 | $ 79.00 |
| 7/10/2018 | 0.1 | Review correspondence from Mediation R. Akasaka re: mediation availability | JMU | $ 395.00 | $ 39.50 |
| 7/10/2018 | 0.1 | Review Defendant's response to Mediator R Akasaka's correspondence re: mediation availability | JMU | $ 395.00 | $ 39.50 |
| 7/10/2018 | 0.1 | Prepare response to Defendant's email correspondence re: R. Akasaka's mediation availability and the issues with location | JMU | $ 395.00 | $ 39.50 |
| 7/10/2018 | 0.2 | Review Defendant's Correspondence re: plaintiff's issues with location (.1) and respond re: same (.1) | JMU | $ 395.00 | $ 79.00 |
| 7/12/2018 | 0.1 | Review of Defendant's Offer of Judgment | JMU | $ 395.00 | $ 39.50 |
| 7/12/2018 | 0.1 | Review Rule 68 Offer of Judgment Rules and Requirements re: Offer of Judgment | JMU | $ 395.00 | $ 39.50 |
| 7/12/2018 | 0.2 | Review Defendant's BMWNA's Offer of Judgment | JMU | $ 395.00 | $ 79.00 |
| 7/12/2018 | 0.3 | Prepare repurchase calculations re: Offer of Judgment in order to determine the terms of the Offer | JMU | $ 395.00 | $ 118.50 |
| 7/12/2018 | 0.2 | Prepare email re: Offer of Judgment, the terms of said Offer, and recommendations for client | JMU | $ 395.00 | $ 79.00 |
| 7/16/2018 | 1.5 | Review complete file and Offer of Judgment, prepare detailed memorandum re: settlement options and correspondence to client explaining Offer of Judgment, and research re judgment enforcement issues in federal court | JAK | $ 505.00 | $ 757.50 |
| 7/17/2018 | 0.6 | Conference with JAK re: review of the Offer of Judgment, recommendations for the client, and discussions on the breakdown of terms | JMU | $ 395.00 | $ 237.00 |
| 7/18/2018 | 1.4 | Research and review of the SBCWA, case law, the Model Rules, the FRCP, and the complete client file in order to prepare a detailed memorandum re: Settlement Options, Attorney's Fees and Costs in conjunction therewith, and presentation of the offer to the client | JMU | $ 395.00 | $ 553.00 |
| 7/18/2018 | 4.2 | Prepare a draft of the memorandum re: Offer of Judgment, Settlement Options, Attorney's Fees and Costs in conjunction therewith, and presentation of the offer to the client | JMU | $ 395.00 | $ 1,659.00 |
| 7/19/2018 | 2.5 | Prepare and revise the draft of the memorandum re: Offer of Judgment, Settlement Options, Attorney's Fees and Costs in conjunction therewith, and presentation of the offer to the client | JMU | $ 395.00 | $ 987.50 |
| 7/20/2018 | 0.5 | Review memo analyzing offer of judgment, settlement calculation and means for enforcement of offer of judgment | JAK | $ 505.00 | $ 252.50 |
| 7/20/2018 | 0.3 | Teleconference with the client re: Offer of Judgment, the breakdown of terms, and recommendations for resolution | JMU | $ 395.00 | $ 118.50 |
| 7/20/2018 | 0.3 | Research and prepare a Notice of Acceptance and all corresponding exhibits re: Offer of Judgment | JMU | $ 395.00 | $ 118.50 |
| 7/22/2018 | 0.3 | Review draft Notice of Acceptance of Offer of Judgment and prepare memorandum re follow up issues including prejudgment interest, enforcement of judgment, and eventual procedural requirements re satisfaction of judgment | JAK | $ 505.00 | $ 151.50 |
| 7/23/2018 | 0.3 | Receive and review e-filed Notice of Acceptance of Offer of Judgment, receive and review multiple correspondence from BMW and mediator re case status and provide instructions to JMU re the same | JAK | $ 505.00 | $ 151.50 |
| 7/23/2018 | 0.1 | Prepare correspondence to Defendant's counsel re: Acceptance of the Offer of Judgment | JMU | $ 395.00 | $ 39.50 |
| 7/23/2018 | 0.1 | Teleconference and left voicemail with Central District Court Dept 10B re: appropriate CP for entry of judgment and motion for attorney's fees | JMU | $ 395.00 | $ 39.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7/23/2018 | 0.2 | Teleconference with Central District Court Dept. 10B clerk re: entry of judgment, potential for a proposed judgment, and civil procedure re: attorney's fees motion | JMU | $ 395.00 | | $ 79.00 |
| 7/23/2018 | 0.1 | Review Mediator R. Akasaka's correspondence re: mediation status | JMU | $ 395.00 | | $ 39.50 |
| 7/23/2018 | 0.2 | Review defendant's response to plaintiff's correspondence re: acceptance of the Offer of Judgment | JMU | $ 395.00 | | $ 79.00 |
| 7/31/2018 | 0.3 | Telephone conference with Behrouz Arani of Lehrman Law Group re status of case, prepare memorandum re call and instructions to JMU | JAK | $ 505.00 | | $ 151.50 |
| 8/1/2018 | 0.2 | Teleconference with Defendant's counsel re: attorney's fees and costs | JMU | $ 395.00 | | $ 79.00 |
| 8/1/2018 | 0.2 | Review email re: settlement offer and teleconference recap (.1) and respond re: same (.1) | JMU | $ 395.00 | | $ 79.00 |
| 8/4/2018 | 6 | Prepare Notice of Motion and Motion for Attorney's Fees/Costs, Memorandum in Support of the Motion, Declaration in Support of the Motion, and Proposed Order | JMU | $ 395.00 | | $ 2,370.00 |
| | | | | | TOTAL | $ 21,836.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Anticipated Billing | | | | | | |
| | 8 | Completion of settlement issues, preparation of surrender, travel to and from the surrender, attend the surrender, further client communication re: surrender and settlement, back and forth emails with surrender agent, phone communication with surrender agent, telephone and email communications with client, and all other remaining matters | JMU | $ 395.00 | | $ 3,160.00 |
| | 2 | Completion of settlement issues, preparation of surrender, oversight of the surrender, further client communication re: surrender and settlement, back and forth emails with surrender agent, phone communication with surrender agent, telephone and email communications with client, and all other remaining matters | JAK | $ 505.00 | | $ 1,010.00 |
| | 2 | Review of the Opposition to Plaintiff's Motion for Attorney's Fees/Costs | JMU | $ 395.00 | | $ 790.00 |
| | 2 | Prepare a Reply to BMWNA's Opposition to Plaintiff's Motion for Attorney's Fees/Costs | JMU | $ 395.00 | | $ 790.00 |
| | 2 | Travel to and from and attend the Motion for Attorney's Fees at the Central District of California Court | JMU | $ 395.00 | | $ 790.00 |
| | | | | | TOTAL | $ 6,540.00 |

| | | | | |
|---|---|---|---|---|
| Costs | | | | |
| | Complaint | | $ 435.00 | |
| | One Legal - Service of Process | | $ 40.00 | |
| | POS - mail | | $ 1.47 | |
| | Photocopies - Discovery | | $ 16.00 | |
| | Postage - Discovery | | $ 6.00 | |
| | Postage | | $ 5.00 | |
| | RFD - mail | | $ 1.47 | |
| | Mileage to and from Central District Court | | $ 11.09 | |
| | Parking at the Central District Court | | $ 20.00 | |
| | | TOTAL | $ 536.03 | |

# EXHIBIT 2

1 | KATE S. LEHRMAN [Bar No. 123050]
2 | klehrman@lehrmanlawgroup.com
3 | JACQUELINE BRUCE CHINERY [Bar No. 187544]
   | jchinery@lehrmanlawgroup.com
4 | BEHROUZ S. ARANI [Bar No. 304501]
5 | barani@lehrmanlawgroup.com
   | LEHRMAN LAW GROUP
6 | 12121 Wilshire Boulevard
7 | Suite 1300
   | Los Angeles, CA  90025
8 | (310) 917-4500
9 | (310) 917-5677 (FAX)

10
11 | Attorneys for Defendant
   | BMW OF NORTH AMERICA, LLC

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14
15

16 | WEISI ZHANG, an individual,        ) Case No. 2:18-cv-2684 JAK (AGRx)
                                         ) [Filed: February 27, 2018]
17 |          Plaintiff,                 ) [Removed:  April 02, 2018]
18 |                                     )
19 |      v.                             ) Hon. John A. Kronstadt
                                         ) Courtroom 10B
20 | BMW OF NORTH AMERICA,               )
21 | LLC, and DOES 1 through 10,         )
    | inclusive,                         ) **OFFER OF JUDGMENT**
22 |                                     )
23 |          Defendants.                )
                                         ) DISCOVERY CUT-OFF:     NONE
24 | _____     ) MOTION CUT-OFF:        NONE
                                         ) TRIAL DATE:            NONE
25 |
26
27
28

55.337.MR - 00314808.DOC                    1              2:18-cv-3388 JAK (GJSx)

**OFFER OF JUDGMENT**

1    Defendant BMW OF NORTH AMERICA, LLC (defendant) hereby offers

2    to allow entry of judgment pursuant to Rule 68 of the Federal Rules of Civil

3    Procedure as follows:

4    Judgment in favor of plaintiff WEISI ZHANG and against defendant BMW

5    OF NORTH AMERICA, LLC in the total amount owed plaintiff as follows: as of

6    June 14, 2018, $27,118.30 to be paid directly to plaintiff and $40,213.97 to pay

7    the balance of the vehicle loan to the lienholder of record.  Any overpayment to

8    the lienholder of record will be refunded to plaintiff.   The issue of plaintiff's

9    reasonable attorney's fees and costs will be determined by negotiation or by the

10   Court on noticed Motion.

11   DATED: July 10, 2018              LEHRMAN LAW GROUP
12                                     KATE S. LEHRMAN
                                       JACQUELINE BRUCE CHINERY
13                                     BEHROUZ S. ARANI

14

15                        By:   *J. Bruce Chinery*
16                              Jacqueline Bruce Chinery
                                Attorneys for Defendant
17                              BMW OF NORTH AMERICA, LLC

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA ⟩ ss.
COUNTY OF LOS ANGELES ⟩

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

On June 10, 2018, I served a true copy indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **OFFER OF JUDGMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California, addressed as follows:

### SEE ATTACHED SERVICE LIST

[X] BY MAIL: I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

[ ] BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees.

[ ] BY PERSONAL SERVICE: I caused the such envelopes to be delivered by hand to the offices of the addressees delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b).

[ ] BY ELECTRONIC MAIL: I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party. C.C.P. §1010.6 (a)(6).)

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

X I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.  Executed on June 10, 2018, in Los Angeles, California.

*María Alamillo*
María Alamillo

1

2

## PROOF OF SERVICE LIST
## BMW OF NORTH AMERICA, LLC/ZHANG
### (B137-337)(55.337)
### Case No. 2:18-cv-2684-E
### Page 1

3

4

5

6

7  Joseph A. Kaufman, Esq.                    Attorneys for Plaintiff
8  Joshua M. Ullman, Esq.                     WEISI ZHANG
   LEMON LAW AID, INC.
9  117 East Colorado Boulevard
   Suite 600
10 Pasadena, CA  91105
11 (626) 219-1648
   (626) 768-7066 (FAX)
12 joe@lemonlawaid.com
13 josh.ullman@lemonlawaid.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

Joseph A. Kaufman, No. 228319
Joshua M. Ullman, No. 309667
**LEMON LAW AID, INC.**
117 E. Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone: 626-219-1648
Facsimile: 626-768-7066
joe@lemonlawaid.com

Attorneys for Plaintiff WEISI ZHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEISI ZHANG, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br>and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. LA CV18-02684 JAK (AGRx)<br><br>**PLAINTIFF WEISI ZHANG'S NOTICE OF ACCEPTANCE OF DEFENDANT BMW OF NORTH AMERICA, LLC'S OFFER OF JUDGMENT**<br><br>*Assigned for all purposes to the Hon. John A. Kronstadt.* |

   Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Plaintiff WEISI ZHANG, through her undersigned counsel or record, hereby accepts and provides notice that she has accepted Defendant BMW OF NORTH AMERICA, LLC's Offer of Judgment to Plaintiff, dated July 10, 2018, attached hereto as Exhibit 1.

Date:   July 23, 2018                          LEMON LAW AID, INC.

                                    By: ____*/s/ Joshua M. Ullman*____
                                         JOSEPH A. KAUFMAN
                                         JOSHUA M. ULLMAN
                                         Attorneys for Plaintiff
                                         WEISI ZHANG

**PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT**

# EXHIBIT 1

1  KATE S. LEHRMAN [Bar No. 123050]
2  klehrman@lehrmanlawgroup.com
   JACQUELINE BRUCE CHINERY [Bar No. 187544]
3  jchinery@lehrmanlawgroup.com
4  BEHROUZ S. ARANI [Bar No. 304501]
   barani@lehrmanlawgroup.com
5  LEHRMAN LAW GROUP
6  12121 Wilshire Boulevard
7  Suite 1300
   Los Angeles, CA 90025
8  (310) 917-4500
9  (310) 917-5677 (FAX)

10 Attorneys for Defendant
11 BMW OF NORTH AMERICA, LLC

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15

16 WEISI ZHANG, an individual,        ) Case No. 2:18-cv-2684 JAK (AGRx)
                                       ) [Filed: February 27, 2018]
17          Plaintiff,                 ) [Removed: April 02, 2018]
18                                     )
      v.                               ) Hon. John A. Kronstadt
19                                     ) Courtroom 10B
20 BMW OF NORTH AMERICA,               )
   LLC, and DOES 1 through 10,         )
21 inclusive,                          ) OFFER OF JUDGMENT
                                       )
22                                     )
23          Defendants.                )
                                       ) DISCOVERY CUT-OFF:     NONE
24 _____ ) MOTION CUT-OFF:        NONE
                                       ) TRIAL DATE:            NONE
25

26

27

28

1      Defendant BMW OF NORTH AMERICA, LLC (defendant) hereby offers

2  to allow entry of judgment pursuant to Rule 68 of the Federal Rules of Civil

3  Procedure as follows:

4      Judgment in favor of plaintiff WEISI ZHANG and against defendant BMW

5  OF NORTH AMERICA, LLC in the total amount owed plaintiff as follows: as of

6  June 14, 2018, $27,118.30 to be paid directly to plaintiff and $40,213.97 to pay

7  the balance of the vehicle loan to the lienholder of record.  Any overpayment to

8  the lienholder of record will be refunded to plaintiff.  The issue of plaintiff's

9  reasonable attorney's fees and costs will be determined by negotiation or by the

10  Court on noticed Motion.

11

12  DATED: July 10, 2018           LEHRMAN LAW GROUP
                          KATE S. LEHRMAN

13                            JACQUELINE BRUCE CHINERY
                          BEHROUZ S. ARANI

14

15              By:       _J. Bruce Chinery_

16                  Jacqueline Bruce Chinery
                Attorneys for Defendant

17                  BMW OF NORTH AMERICA, LLC

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE BY MAIL

2

3   STATE OF CALIFORNIA          )
                                  ) ss.
4   COUNTY OF LOS ANGELES        )

5

6       I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

7

8       On June 10, 2018, I served a true copy indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **OFFER OF JUDGMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California, addressed as follows:

9

10

11                          **SEE ATTACHED SERVICE LIST**

12  ☒  BY MAIL: I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

13

14

15  ☐  BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees.

16

17  ☐  BY PERSONAL SERVICE: I caused the such envelopes to be delivered by hand to the offices of the addressees delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b).

18

19  ☐  BY ELECTRONIC MAIL: I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party. C.C.P. §1010.6 (a)(6).)

20

21       I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

22

23   _X_  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

24       I hereby certify under the penalty of perjury that the foregoing is true and correct.  Executed on June 10, 2018, in Los Angeles, California.

25

26

27                          _Maria Alamillo_
                            Maria Alamillo
28

55.337.MR - 00314808.DOC          3          2:18-cv-3388 JAK (GJSx)

**OFFER OF JUDGMENT**

| | |
|---|---|
| 1 | **PROOF OF SERVICE LIST** |
| 2 | **BMW OF NORTH AMERICA, LLC/ZHANG** |
| 3 | **(B137-337)(55.337)** |
| | **Case No. 2:18-cv-2684-E** |
| 4 | **Page 1** |

1
2
3
4
5
6
7  Joseph A. Kaufman, Esq.                    Attorneys for Plaintiff
8  Joshua M. Ullman, Esq.                     WEISI ZHANG
   LEMON LAW AID, INC.
9  117 East Colorado Boulevard
   Suite 600
10 Pasadena, CA 91105
11 (626) 219-1648
   (626) 768-7066 (FAX)
12 joe@lemonlawaid.com
13 josh.ullman@lemonlawaid.com
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 4

### Superior Court of California
### County of Los Angeles

| | |
|---|---|
| Eric Halem,<br><br>                   Plaintiff,<br><br>vs.<br><br><br>Mercedes-Benz USA, LLC, *et al.*,<br><br>                Defendants. | Case No.: **BC671054**<br><br><br>Tentative Ruling |

Hearing Date: April 17, 2018
Department 54, Judge Ernest M. Hiroshige
(1) Motion to Compel the Deposition of Defendant Mercedes-Benz USA, LLC's Person Most Qualified and Produce Documents
(2) Motion to Compel the Deposition of Defendant Keyes European, LLC's Person Most Qualified and Produce Documents
Moving Party: (1)–(2) Plaintiff Eric Halem ("Plaintiff")
Responding Party: (1) Defendant Mercedes-Benz USA, LLC ("MBUSA"); (2) Defendant Keyes European, LLC ("Keyes")

T/R:   THE MOTIONS TO COMPEL DEPOSITION TESTIMONY OF DEFENDANTS PMQS ARE GRANTED.  DEFENDANTS TO PRODUCE THEIR PMQS FOR DEPOSITION WITHIN 10 DAYS OF RECEIVING NOTICE OF THIS RULING.

        THE MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AT THE DEPOSITIONS IS DENIED.

        THE REQUEST FOR SANCTIONS IS GRANTED.  THE DEFENDANTS, JOINTLY AND SEVERALLY, ARE ORDERED TO PAY SANCTIONS OF $4,715 TO PLAINTIFF'S COUNSEL OF RECORD, LEMON LAW AID, INC., WITHIN 30 DAYS OF RECEIVING NOTICE OF THIS RULING.

        PLAINTIFF TO NOTICE.

        The Court considers the moving papers, oppositions, and replies.

        "If a deponent fails to answer any question or to produce any document, electronically stored information, or tangible thing under the deponent's control that is specified in the deposition notice or a deposition subpoena, the party seeking discovery may move the court for an order compelling that answer or production.  This motion shall be made no later than 60 days after the completion of the record of the deposition, and shall be accompanied by a meet and confer declaration under Section 2016.040."  (CCP § 2025.480(a)–(b).)

1

Plaintiff moves to compel Defendant Mercedes-Benz USA, LLC ("MBUSA") and Defendant Keyes European, LLC ("Keyes") to produce their persons most qualified for deposition. Plaintiff's previous motion to compel Defendants to produce their persons most qualified for deposition were denied on January 23, 2018 on the grounds that they were premature since Defendants agreed to produce their witnesses on February 5, and February 6, 2018 and Plaintiff failed to meet and confer on Defendant's substantive objections.

## A. Meet and Confer

Defendants contend that Plaintiff failed to comply with his meet and confer obligations once again. In reply, Plaintiff contends that Defense counsel took the position that its previous objections to the original deposition notice carried over and thus, the meet and confer on January 30, 2018 substantively addressed the Defendant's objections. Plaintiff cites to an email from Defense counsel on February 5, 2018 that says, "We objected the previous round." (Reply Exh. 4). This was in response to Plaintiff's email inquiry that Defendant did not object to the February 5, 2018 amended deposition notice. (Reply 4:16-20.) The Court agrees that Plaintiffs have satisfied their meet and confer obligations under Section 2016.040 as the substance of the objections were the same and Defense counsel previously relied on such an assertion to not serve objections to the first amended deposition notice for MBUSA's PMQ. (Kaufman Decl. Exh. 2; Exh.12).

## B. Motions to Compel PMQ Depositions for Defendants MBUSA and Keyes

As set forth in the current motions, Plaintiff served the deposition notices on Defendants on September 5, 2017, noticing a deposition date of October 16, 2017 for both PMKs. Defendants timely objected to the deposition notices on October 12, 2017. Defendants both objected based on unavailability and made substantive objections to examination categories and document requests. In the meet and confers prior to January 23, 2018, Plaintiff raised only the issue of availability—Plaintiff did not attempt to meet and confer on Defendants' substantive objections. Plaintiff sent out the first amended deposition notice on December 21, 2017 with the new February 5, 2018 date for MBUSA and February 6, 2019 for Keyes. The Court denied Plaintiff's motions to compel on January 23, 2018. However, after this Court's ruling on the first motion, on January 30, 2018 Plaintiff's counsel spoke with Ms. Nassarian, counsel for Defendants, to explain Plaintiff's position with respect to the examinations. (Kaufman Decl. ¶9.) During this phone call Defense counsel once again postponed the deposition dates from the February 5, 2018 and February 6, 2018 dates. (Ibid.) Plaintiff's counsel sent a follow up email on January 31, 2018 outlining the terms of the meet and confer. (Kaufman Decl.¶10, Exh. 9.)

Plaintiff's counsel thereafter agreed to postpone the deposition to February 26, 2018 due to Defendants cancellation and sent an email on February 7, 2018 confirming the new dates, the categories of examination and addressing the outstanding objections. (Kaufman Decl. ¶11; Exh. 11.) Plaintiff served a second amended deposition notice for MBUSA on February 8, 2018. (Kaufman Decl. Exh. 12.) Keyes did not provide an alternate deposition date until after the current motion was filed. (Keyes Reply Exh 2, 4,

2

5.) Defense counsel served objections to the second amended notice of deposition for MBUSA on February 21, 2018. (*Ibid.*) Defense counsel then provided notice of deponent's unavailability three days before the deposition scheduled for February 26, 2018 and stated they would provide new dates. (Kaufman Decl. Exh. 13.) Plaintiff filed the current motions to compel on March 21, 2018 and at that time had not received new dates for either of the PMQ depositions. On April 3, 2018, after the filing of the motion, Defense counsel proposed new dates for the depositions of Defendant's PMQs set for after the hearing on this motion on April 17, 2018. (Reply 5:14-15; Reply Exh. 5.)

### Witness Categories

In opposition, Defendants contend that the witness categories are objectionable on the grounds they are irrelevant and overbroad, specifically as to repair history, technical service bulletins and complaints about the vehicle.

A plaintiff pursuing an action under the [Song-Beverly] Act has the burden to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." (*Donlen v. Ford Motor Company* (2013) 217 Cal.App.4th 138, 152 [citations omitted].) A buyer may be entitled to a civil penalty of up to two times the actual damages upon a showing that the manufacturer willfully failed to abide by any of its obligations under the Act. (Cal. Civ. Code § 1794(c).) Evidence that Defendant has "adopted internal policies that erected hidden obstacles to the ability of an unwary consumer to obtain redress under the Act" may support a finding of such willful failure to comply. (*Oregel v. Am. Isuzu Motors, Inc.* (2001) 90 Cal. App. 4th 1094, 1105.) Thus, the categories are relevant to the issues in dispute: if there was a nonconformity with the vehicle, whether Defendants knew of these nonconformities and whether the Defendants are liable for civil penalties. The Court finds the categories are relevant and narrowly tailored to the issues of this lawsuit. Further, Defendant's contention that a separate statement is required to compel a deposition does not have statutory support in CRC 3.1345.

As such the motion to compel deposition testimony of Defendant MBUSA's and Defendant Keyes' PMQs is GRANTED.

### C. Production of Documents

Defendant contends that Plaintiff has failed to comply with CRC 3.1345 because they have failed to provide a separate statement accompanying their motion to compel the production of documents at a deposition. (CRC 3.1345(a)(5).)

On procedural grounds, the motion to compel production of documents at the depositions of Defendant's PMQs must be DENIED. Parties are encouraged to informally resolve this dispute through further meet and confer.

3

## D. Sanctions

Plaintiff moves for monetary sanctions in the amount of $3,765.00 for the motion to compel MBUSA's PMQ and $4,150.00 for the motion to compel Keyes' PMQ. Defendants contend this motion is premature, but does not provide substantial justification for their delay in setting the deposition dates.  Plaintiff incurred the cost of this motion as a result of Defendant's lack of responsiveness, which could have been avoided since Plaintiff was willing to meet and confer further on dates. (Reply 5:14.) Plaintiff's motions, though lengthy, are duplicative in substance.

As such, the Court GRANTS the motion for sanctions against both Defendants MBUSA and Keyes, jointly and severally, in the reduced amount of $4,715.00 (8 hours at $385 per hour and 3 hours at $505 per hour and $120 in filing fees for both the motion to compel MBUSA's PMQ and the motion to compel Keyes' PMQ) payable no later than 30 days of notice of this order to the Plaintiff's counsel, the law firm of Lemon Law Aid, Inc.

Date: April 17, 2018

Judge Ernest M. Hiroshige

4

**Case Number:** BC687650

ERIC SARKISSIAN VS MERCEDES-BENZ USA LLC

**Filing Date:** 12/20/2017
**Case Type:** Othr Breach Contr/Warr-not Fraud

**04/18/2018**

MOTION - DEEM MATTERS ADMITTED

NOTICE OF TENTATIVE RULING AND PROCEDURE
FOR SUBMISSION WITHOUT HEARING

The parties may submit to the tentative ruling without appearing for the hearing if you follow these instructions: (1) If ALL PARTIES (except if no other parties have appeared, only Plaintiff) have read the tentative ruling and ALL PARTIES agree and submit to the tentative ruling, then court appearances may be waived.  The matter will remain on calendar and the tentative ruling will be adopted as the FINAL RULING and entered on the date of the hearing; (2) If ALL PARTIES SUBMIT, the Court  directs ONE PARTY REPRESENTATIVE to send an email to smcdept46@lacourt.org, at least one day prior to the hearing date, to advise the Court  that ALL PARTIES SUBMIT, also STATING WHICH PARTY WILL GIVE NOTICE, or if NOTICE IS WAIVED; (3) Please refrain from sending individual emails to smcdept46@lacourt.org with a request to modify the tentative ruling or indicate one party submits but waiting to hear from the other side, as these emails will not be considered.  ALL PARTIES must appear in Court.  Needless to say, if parties do not submit, there is NO NEED to contact the Court.  The Court expects to see you on the date of the hearing; (4) If there is a signed Order or Judgment, and you have provided an extra copy to be conformed and an attorney service return slip, this will be available for pick up in Dept. 46 attorney service pick-up box the next business day.

TENTATIVE RULING

Defendant is apparently trying to obtain verified responses to the Requests for Admission based upon the declaration of Mark Julius filed on 4/5/2018. However, unless Defendant can produce a verification for the requests for admission, the motion is GRANTED pursuant to CCP §2033.280(b) and sanctions are issued in the sum of $1,600 pursuant to CCP §2033.280(c). A proper response to an RFA requires a verification pursuant to CCP §2033.240(a) and an attorney cannot verify responses. Id.

If the verified responses are produced at or before the hearing, the motion to deem matters admitted shall be denied and sanctions are issued in the sum of $1,600. If the responses are verified, then the proposed responses in the form shown on Exhibit B to the declaration of Mr. Julius substantially comply with CCP §2033.280. Under these

9

circumstances deeming the RFA's admitted is contrary to CCP §2033.280(c) and *Saint Mary v. Superior Court* (2014) 223 Cal App. 4th 776, 778. However, the sanctions remain strictly mandatory under CCP §2033.290(c).

Plaintiff is ordered to give notice.

IT IS SO ORDERED:


Frederick C. Shaller, Judge

9

# EXHIBIT 5

Honorable Richard Rico                              Friday— August 25, 2017
Department 17                                       Calendar No.  15

## PROCEEDINGS

**Pouskoulian et al v. BMW of North America, LLC**
BC620749
Motion for Attorney Fees

## TENTATIVE RULING

Vahe and Yervand Pouskoulian (Plaintiffs) initiated this action against Defendant BMW
of North America, LLC (BMW). This is a lemon law case related to a 2013 BMW X3.
The complaint asserts claims for 1) breach of implied warranty of merchantability under
Song-Beverly; 2) Breach of Express Warranty under Song -Beverly Warranty; 3) Breach
of Written Warranty under Magnuson -Moss Warranty; and 4) Breach of Implied
Warranty under Magnuson -Moss Warranty.

In July 2017, the action settled in favor of Plaintiffs. Now, Plaintiff brings the instant
motion for attorney fees and costs in the following amount:

- Lodestar fees:      $91,789.00
- Costs:              $10,588.69
- 1.5 multiplier:     $45,894.5
- **Total:**          **$148,272.19**

"If the buyer prevails in an action under this section, the buyer shall be allowed by the
court to recover as part of the judgment a sum equal to the aggregate amount of costs and
expenses, including attorney's fees based on actual time expended, determined by the
court to have been reasonably incurred by the buyer in connection with the
commencement and prosecution of such action." (Civil Code § 1794(d).)

It has long been settled in California that the experienced trial judge is in the best position
to determine the reasonableness of a request for attorneys' fees. (*Serrano v. Priest*, 20
Cal. 3d 25, 49 (1977).) While the starting point is the "lodestar calculation," other
considerations come into play, including the nature and difficulty of the case, the amount
of money at issue, the skill required and the success or failure of the lawyers. (*EnPaim,
LLC v. Teitler*, 162 Cal. App. 4th 770, 774 (2008).) Inefficient and duplicative efforts by
counsel are not to be compensated. (*Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001);
*Premier Medical Mgmt. Systems, Inc. v. Calfornia Ins. Guarantee Assn.*, 163 Cal. App.
4tl 550, 556 (2008).)

There is no dispute that Plaintiff is entitled to attorney fees and costs as the prevailing
party. The only issue is whether the amounts are reasonable. Defendants makes several
arguments as to the impropriety of fees request: (1) the hourly rates of Plaintiff attorneys
are not reasonable; (2) the hours incurred are excessive; and (3) there is no reason to
provide a multiplier.

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that on August 6, 2018, I filed the foregoing document entitled **DECLARATION**

4    **OF JOSHUA M. ULLMAN IN SUPPORT OF PLAINTIFF WEISI ZHANG'S MOTION**

5    **FOR ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTY** with the clerk of

6    court using the CM/ECF system, which will send a notice of electronic filing to all counsel of

7    record in this action.

8

9    _____
     Dulce Rojas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28